UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Master File No. 00-1334-MD-MORENO**
**Tag-Along Case No. 02-22026-CIV-MORENO**

IN RE: MANAGED CARE LITIGATION
_____

CONNECTICUT  STATE  DENTAL
ASSOCIATION,

    Plaintiff,

vs.

ANTHEM HEALTH PLANS d/b/a ANTHEM BLUE
CROSS & BLUE SHIELD OF CONNECTICUT,

    Defendants.
_____/

**ORDER DENYING MOTION TO VACATE OR AMEND JUDGMENT**

THIS CAUSE came before the Court upon the Motion to Vacate or Amend Judgment Pursuant to Fed R. Civ. Pro. 59(e) and 60(b)(1) **(D.E. No. 23)**, filed on **June 16, 2008**. The Court has considered the motion, the response, the reply and the pertinent portions of the record, and being otherwise fully advised in the premises, it is **ADJUDGED** that the motion is DENIED. Plaintiff failed to comply with four orders by this Court. Plaintiff failed to respond to Defendants' Motion to Dismiss. These failures are not excusable neglect. The following enumerates the Orders by this Court with which Plaintiff failed to comply.

1. The first was the "Order Regarding the Filing of All Documents" **(D.E. No. 5777 in Case No. 00-1334)** which was issued on **January 26, 2008.** Plaintiff received electronic notice of this Order. This Order required that all parties to any HMO tag-along case, of which this case is included, shall file all pleadings on the docket of the tag-along docket. The pertinent part of the Order stated: "All filings in this case shall be filed <u>only</u> on the docket of the tag-along case to which the filings relates. A separate

filing is required for each tag-along docket if the filing relates to more than one tag-along." Plaintiff did not comply with this Order. Instead, Plaintiff later filed pleadings only on the 00-1334 docket instead of the tag-along docket.

  2. The second was the "Order Requiring All Attorneys to File a Notice of Appearance in The Tag-Along Cases in Which the Attorney is Involved" **(D.E. No. 5799 in Case No. 00-1334)** which was issued on <u>**February 7, 2008**</u>. Plaintiff received electronic notice of this Order. This Order required the lawyers in all the tag-along cases to take two actions:

> **1. All Attorneys involved in <u>In Re Managed Care Litigation</u> shall file a Notice of Appearance in each tag-along docket in which the attorney is involved.** Electronically filing the Notice of Appearance on EM/ECF will ensure that notice will be electronically sent to that attorney when a pleading or order is entered on the tag-along docket.
>
> **2. All Attorneys involved in <u>In Re Managed Care Litigation</u> shall review the tag-along dockets in which the attorney is involved to ensure awareness of all entries since January 26, 2008.**

The bold was in the original order. Plaintiff did not comply with this Order. Plaintiff never filed a notice of appearance on the tag-along docket.

  3. The third was the "Order Requiring the Filing of Status Reports in All Other Tag-Along Cases" **(D.E. No. 5806 in Case No. 00-1334)** which was issued on <u>**February 19, 2008**</u>. Plaintiff received electronic notice of this Order. This Order was also issued on the tag-along docket, of which Plaintiff did not receive electronic notice because Plaintiff did not comply with this Court's February 7, 2008 Order requiring Plaintiff to file a Notice of Appearance on the tag-along docket. Both the order filed on the tag-along docket and the order filed on the 00-1334 docket stated in **bold** that Plaintiff shall file the status report on the docket of the tag-along case. Plaintiff obviously received the Order because Plaintiff filed a status report. That status report, however, was filed on the 00-1334 docket. Therefore, Plaintiff failed to comply with this Order.

      4. The fourth was the "Order Reopening Case and Setting Briefing Schedule" **(D.E. No. 10 on this docket)** which was issued on **April 14, 2008**. Plaintiff did not receive electronic notice of this Order because Plaintiff never filed the Notice of Appearance on the tag-along docket. This Order set a briefing schedule. Defendants complied with this Order by filing the Motion to Dismiss on the deadline of April 30, 2008. Plaintiff, however, failed to comply with this Order by failing to file a response to the Motion to Dismiss by the deadline of May 15, 2008. The Court is aware that Plaintiff did not receive electronic notification of the Motion to Dismiss. However, Defendants served by first class mail the Motion to Dismiss on Plaintiff. The May 15, 2008 deadline was more time than the Federal Rules of Civil Procedure provide for responding to motions. Consequently, this Court granted the motion and dismissed the case because Plaintiff never responded to the Motion to Dismiss.

      Plaintiff's neglect was not excusable. Plaintiff failed to comply with four Orders of this Court. Plaintiff received three of those Orders by electronic notification. Plaintiff also failed to respond to a motion to dismiss, which Plaintiff received by U.S. mail. No other counsel for any of the HMO cases failed to comply with these four orders. For these reasons this Court dismissed this case on June 6, 2008. Also for these reasons this Court hereby denies the Plaintiff's Motion to Vacate or Amend the Judgment. This case remains closed. All pending motions are DENIED as moot.

      DONE AND ORDERED in Chambers at Miami, Florida, this 19th day of August, 2008.

                                      FEDERICO A. MORENO  
                                      UNITED STATES DISTRICT JUDGE

Copies provided to:  
Counsel of Record